UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DR. ROBERT VAN BOVEN, M.D., D.D.S. | § § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:17-CV-279 |
| | § | |
| MARIANNE KARLSEN and JOSH LOVE, in their individual capacities | § § § | |
| | § | |
| *Defendants* | § § | |

## PLAINTIFF'S COMPLAINT

Defendants falsely arrested Plaintiff Dr. Robert Van Boven, M.D., despite knowing he was innocent. Now that the charges have finally been dropped, Plaintiff files this 42 U.S.C. § 1983 lawsuit against Defendants Karlsen and Love.

### I. PARTIES

1. Plaintiff Dr. Robert Van Boven, M.D. is a resident of Lakeway, Texas.

2. Defendant Marianne Karlsen is a City of Lakeway police officer sued in her individual capacity for compensatory and punitive damages. She can be served with process at 104 Cross Creek, Lakeway, TX 78734.

3. Defendant Josh Love is a City of Lakeway police officer sued in his individual capacity for compensatory and punitive damages. He can be served with process at 104 Cross Creek, Lakeway, TX 78734.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question), and §1343 (civil rights).

5. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(1), as all relevant events occurred in the division, and all Defendants reside in this state.

### III. FACTS

6. Plaintiff Dr. Van Boven is a resident of Lakeway, Texas.

7. On September 7, 2016, Dr. Van Boven was visiting a patient at Baylor Scott & White Hospital, 100 Medical Parkway, Lakeway, TX 78738.

8. When the hospital was under previous ownership, Dr. Van Boven had made numerous substantiated complaints about poor patient care and other serious safety improprieties at the hospital.

9. As a result, the hospital retaliated by asking the Lakeway Police Department to issue "no trespass" warnings to Dr. Van Boven to prevent him from visiting patients or colleagues at the hospital.

10. As of August 31, 2016, all previous no-trespass warnings had been rescinded, and Dr. Van Boven was free to visit the hospital.

11. Likewise, the ownership of the hospital property was transferred to Baylor Scott & White on September 1, 2016, though much of the local administrative and managerial leadership of the hospital remained the same.

12. Thus, when Dr. Van Boven arrived at the hospital on September 7, 2016, the hospital's leadership called the Lakeway police to issue a new, completely baseless, no-trespass warning to Dr. Van Boven.

13. Officers Karlsen and Love arrived at the hospital. They had been involved in issuing no-trespass warnings to Dr. Van Boven before, and knew that all the prior no-

trespass warnings had been rescinded, and knew that Dr. Van Boven was free to visit anyone at the hospital who wished to see him.

14. When the officers arrived, Officer Love told Officer Karlsen that not only did they intend to "escort him out" of the hospital, but that they were also going to "escort him down to [hospital] security."

15. As they approached Dr. Van Boven, Officer Love specifically knew he intended to illegally arrest Dr. Van Boven, and actually told Officer Karlsen that "this could be one of those situations where it's do as I say, and not as I do." Officer Karlsen responded "all right."

16. Officer Love approached Dr. Van Boven in the hospital's main lobby on the first floor, as he was speaking to one of his patients. Officer Love told Dr. Van Boven "Let's go down to the security office, have a chat for just a minute."

17. Dr. Van Boven responded "no, I'm going to chat [with you] right here," and asked if he was under arrest. Dr. Van Boven showed Officer Love and Officer Karlsen a document demonstrating the previous no-trespass warning had been rescinded.

18. Officer Love then told Dr. Van Boven that the previous rescission was irrelevant, because the officers had been "asked to reissue" the warnings at the instruction of "the CEOs, everybody with the higher-ups of the hospital."

19. Likewise, Officer Love acknowledged the previous no-trespass warnings were currently invalid, and thus Dr. Van Boven was not "being arrested right now."

20. Officer Love acknowledged that Dr. Van Boven had not been issued an effective no-trespass warning for the hospital property, and instead told him "that's what we're doing right now."

21. Though he was frustrated, Dr. Van Boven told Officer Love and Officer Karlsen he would "absolutely honor this request" and that "I'm leaving."

22. Officers Love and Karlsen, however, were unsatisfied. Officer Love told Dr. Van Boven that he was requiring Dr. Van Boven to go meet with hospital staff at a security office, and refused to let Dr. Van Boven leave the hospital. Officer Love had absolutely no legal basis for requiring Dr. Van Boven to meet with anyone at the hospital.

23. Dr. Van Boven responded "I'm not going anywhere except out and leaving," as he walked toward the hospital exit.

24. Officer Love asked Dr. Van Boven "are you remaining in a facility that they have asked you to leave?"

25. Shocked at this ridiculous question, Dr. Van Boven immediately and unambiguously responded, "No. I'm leaving," while continuing to walk towards the exit.

26. Then, with absolutely no legal justification to do so, Officer Love pushed Dr. Van Boven in the chest, ordered Dr. Van Boven to stop while actually obstructing his exit, and commanded Dr. Van Boven "put your hands behind your back."

27. Stunned, Dr. Van Boven asked, "am I under arrest?"

28. Officer Love responded, "yes. Put your hands behind your back."

29. Dr. Van Boven complied with Officer Love's unlawful orders, and never laid a finger on either officer.

30. Officers Love and Karlsen placed Dr. Van Boven in handcuffs in the hospital lobby, in front of patients and fellow medical providers, causing him great embarrassment and humiliation.

4

31. Though Dr. Van Boven attempted to leave the hospital as soon as Officer Love told him that a new no-trespass warning was being issued, and though Dr. Van Boven immediately attempted to leave the hospital when told to do so, Officer Love arrested Dr. Van Boven for "resisting arrest" and assault. No reasonable officer could believe that Dr. Van Boven resisted arrest or assaulted anyone, and there was no factual basis for the charges Dr. Van Boven was completely compliant, and did not resist or struggle in the slightest while the officers handcuffed him.

32. Officers Love and Karlsen then fabricated an arrest warrant to support their false and illegal arrest of Dr. Van Boven. Officers Love and Karlsen falsely wrote Dr. Van Boven "walked into [Love's] open hand and began pushing [Love] backwards while trying to leave," though this never occurred. The arrest warrant was issued based on Officers Love and Karlsen's lies, and no other evidence.

33. Love and Karlsen further lied that Dr. Van Boven "struggled" during the arrest, and "struck [Love] in the left arm causing pain," and "continued to pull away from [Love]" while being escorted to the police cruiser. In fact, Dr. Van Boven was completely compliant during the false arrest.

34. Dr. Van Boven was taken to the Travis County jail, where he was detained for eight hours until he could post bond.

35. Dr. Van Boven was forced to hire criminal defense attorneys to fight the baseless charges, incurring significant legal fees and expenses.

36. The arrest was also reported to the Texas Medical Board, which required Dr. Van Boven to hire additional lawyers to defend his medical license.

37. After reviewing the evidence in the resisting arrest case, the Travis County Attorney's Office "rejected" the charge, and refused to prosecute Dr. Van Boven.

38. Likewise, the City of Lakeway municipal courts dismissed the misdemeanor assault charges.

## IV. CAUSES OF ACTION

### FALSE ARREST AND DELIBERATE FABRICATION – 42 U.S.C. § 1983

39. Love and Karlsen arrested Dr. Van Boven for resisting arrest, and assault even though the officers knew (as any reasonable officer in their position would have known), they lacked probable cause to make such an arrest.

40. Love and Karlsen deliberately fabricated an arrest affidavit that caused Plaintiff to be falsely charged with resisting arrest and assault. Love and Karlsen's conduct was shocking, objectively unreasonable and plainly incompetent.

41. Love and Karlsen intentionally caused Dr. Van Boven to be arrested on charges they knew were unsupported by evidence, and failed to establish probable cause.

42. Love and Karlsen's conduct was objectively unreasonable, violated Dr. Van Boven's clearly established right to be free from false arrest on deliberately fabricated charges, and proximately caused Plaintiff to suffer significant damages. Accordingly, Love and Karlsen are liable for compensatory and punitive damages under 42 U.S.C. § 1983.

43. Love and Karlsen were acting under color of law at all relevant times.

## V. DAMAGES

44. Plaintiff seeks the following damages:

    a) Past and future economic damages (including loss of earnings and earning capacity);

    b) Past and future mental anguish;

    c) Attorneys' fees, including costs, expert fees, and attorneys' fees pursuant to 42 U.S.C. § 1988;

    d) Past and future damages for injury to Plaintiff's character and reputation;

    e) Pre and post-judgment interest at the highest rate allowable under law; and

    f) All other compensatory and/or general damages to which Plaintiff is entitled under state or federal law.

    g) Punitive and/or exemplary damages.

## V. REQUEST FOR A JURY TRIAL

45. Plaintiff respectfully requests a trial by jury.

## VI. PRAYER FOR RELIEF

46. To right this injustice, Plaintiff requests that this Court:

    a) Award compensatory damages and all other recoverable damages (including punitive damages) to Plaintiff and against the Defendants;

    b) Award and allow Plaintiff costs, including expert fees, and attorneys' fees pursuant to 42 U.S.C. § 1988;

    c) Award prejudgment and post-judgment interest at the highest rate allowable under the law; and,

    d) Award and grant such other just relief as the Court deems proper.

Dated: April 3, 2017.

                                        Respectfully submitted,

                                        Edwards Law
                                        The Haehnel Building
                                        1101 East 11th Street
                                        Austin, TX 78702
                                          Tel.   512-623-7727
                                          Fax.   512-623-7729

                                        By     /s/ Jeff Edwards
                                        JEFF EDWARDS
                                        State Bar No. 24014406
                                        SCOTT MEDLOCK
                                        State Bar No. 24044783

                                        ATTORNEYS FOR PLAINTIFF